# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA F. HARRISON and Sandra F. Harrison, Administratrix of the Estate of CARL R. HARRISON | : <br> : <br> :  1:18-cv-1244 <br> : <br> Plaintiff,  :  Hon. John E. Jones III <br> : <br> v.  : <br> : <br> OCWEN LOAN SERVICING, LLC,  : <br> : <br> Defendant.  : |

## **MEMORANDUM**

## **September 27, 2018**

Plaintiff Sandra Harrison brings the above-captioned action on her own behalf and in her capacity as administratrix of her deceased husband's estate (collectively, "Sandra" or "Plaintiff"). In her amended complaint, Plaintiff contends that, by and through its representative, Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), verbally misrepresented the balance that would remain on her home-mortgage loan after she paid $117,997.16 to bring the loan out of delinquency. Presently pending before the Court is the Defendant's motion to dismiss (the "Motion") (Doc. 6), seeking to dismiss all three counts of Plaintiff's amended complaint. (Doc. 5). The Motion has been briefed (Docs. 7, 9) and is

1

therefore ripe for our review. For the reasons that follow, the Motion shall be granted.

## I. BACKGROUND

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from Plaintiff's amended complaint and viewed in the light most favorable to her.

On February 27, 2006, Carl and Sandra Harrison executed a borrower's note with Option One Mortgage Corporation for $159,000.00 (the "Loan") to purchase their home at 3058 Gemstone Lane, York, PA, 17404 (the "Property"). (Doc. 5, ¶ 3–6). On October 21, 2006, Carl Harrison died and the York County Register of Wills appointed Sandra administratrix of Carl's estate. (*Id.*, ¶ 7). Following Carl's death, Sandra defaulted on the Loan and Defendant initiated foreclosure proceedings. (*Id.*, ¶ 8, 11). At the time of Sandra's default, the Loan was owned by Deutsche Bank National Trust Company ("Deutsche Bank") but was serviced by Ocwen, an authorized agent of Deutsche Bank. (*Id.*, ¶ 9).

On January 31, 2017, Sandra received a letter that the Property was scheduled to be sold at sheriff's sale on June 12, 2017. (*Id.*, ¶ 11). On May 17, 2017, Sandra called Ocwen from her attorney's office, with her attorney present, and spoke with Frederick Tokbi, Ocwen's representative assigned to the Loan. (*Id.*, ¶ 13–14). Tokbi informed Sandra that the Loan had an outstanding balance of

$211,053.04 and was delinquent by $135,527.63. (*Id*., ¶ 15). However, Tokbi noted, Sandra could make her account current and avoid the sheriff's sale if she paid $117,997.16. (*Id*.). Tokbi claimed that the remaining delinquent amount of $17,530.47 could be amortized over the remaining life of the loan. (*Id*.). In such a case, Tokbi stated, the remaining loan balance would be $93,055.88. (*Id*.).

Relying upon Tokbi's representations, Sandra obtained secondary financing from ALB Solutions, LLC to pay the $117,997.16 and avoid the sheriff's sale. (*Id*., ¶ 18–20). In order to do so, Sandra agreed to complete $1,700.00 in home improvements, list the Property for sale, and pay ALB Solutions two-thirds of the profits she received after her home sold, in addition to the principal loan amount. (*Id*.). Sandra expended the $1,700.00 for improvements to her home, listed the property with a realtor, and paid Ocwen $117,997.16. (*Id*.). Nonetheless, on or about March 15, 2018, Sandra received a payoff quote from Ocwen indicating that the total remaining balance on the loan was $184,549.48, not $93,055.88 as Tokbi had indicated it would be. (*Id*., ¶ 21).

On May 21, 2018, Plaintiff filed the instant action by complaint in the York County Court of Common Pleas. (Doc. 1). On June 20, 2018, Defendant removed the case to this Court. (*Id*.). On June 27, 2018, Defendant filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 2). On

July 10, 2018, Plaintiff filed an amended complaint, the operative document *sub judice*. (Doc. 5).

In her amended complaint, Plaintiff alleges three counts against Ocwen. In Count I, Plaintiff alleges that Tokbi intentionally led her to believe that her remaining balance after paying $117,997.16 would be $93,055.88, that she relied upon that representation in obtaining secondary financing from ALB Solutions, and asks this Court to direct Ocwen to accept the $93,055.88 figure stated by Tokbi as full payment for the Loan. (*Id.*, ¶ 27–31). In Counts II and III, Plaintiff alleges that Tokbi's statements were intended to elicit a large payment from her so that the amount of her loan would no longer be in excess of the property's value. (*Id.*, ¶ 39). Accordingly, Plaintiff avers, Tokbi's statements amount to negligent misrepresentation and/or fraud. (*Id.*, ¶ 33, 41). In both Counts II and III, Plaintiff asks this Court to award her an amount equal to the difference between the amount which Defendant claims are owed by Plaintiff and the amount which Tokbi verbally represented would be owed after proffering the $117,530.47 payment, a sum exceeding $100,000.00. (*Id.*, ¶ 32–41).

Defendant filed a second motion to dismiss on July 24, 2018. (Doc. 6). Plaintiff filed a response in opposition on August 9, 2018. (Doc. 9). Because the time for filing a reply has passed, the matter is ripe for review. For the reasons that follow, we shall grant the Defendant's Motion and dismiss this case.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirement of Federal Rules of Civil Procedure 8(a) and 9(b). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 9(b), when a complaint sounds in fraud, "a party must state with particularity the circumstances constituting fraud . . . ." Fed.R.Civ.P. 9(b).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). In essence, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 556 U.S. at 678.

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Next, the district court must identify "the 'nub' of the … complaint—the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

### III. DISCUSSION

Defendant argues that all three counts of Plaintiff's amended complaint should be dismissed. Defendant contends that Plaintiff's threadbare allegations are

insufficient as a matter of law and that her complaint fails to comply with Rule 9(b)'s particularity requirements concerning fraud.  We agree.

Although Count I of Plaintiff's amended complaint (Equitable Estoppel) sounds in equity and Count II (Negligent Misrepresentation) and Count III (Fraud) sound in law, all three Counts require Plaintiff to plead that she suffered harm as a result of Defendant's conduct.  Because Plaintiff has failed to do so, we shall grant Defendant's Motion.

The traditional elements of equitable estoppel include "(1) a misrepresentation by another party; (2) which [was] reasonably relied upon; (3) to [the other party's] detriment." *United States v. Asmar*, 827 F.2d 907, 912 (3d Cir. 1987); *Novelty Knitting Mills, Inc. v. Siskind*, 457 A.2d 502, 503 (Pa. 1983). Likewise, a claim of "[n]egligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 277 (Pa. 2005); *see also State Coll. Area Sch. Dist. v. Royal Bank of Canada*, 825 F. Supp. 2d 573, 584 (M.D. Pa. 2011).  Finally, "the elements of fraud are: (1) a material factual misrepresentation; (2) made with knowledge or belief of its falsity; (3) with the intention that the other party rely thereon; (4)

7

resulting in justifiable reliance to that party to his detriment." *Agathos v. Starlite Motel*, 60 F.3d 143, 147 (3d Cir. 1995).

In her complaint, Plaintiff addresses the harm component of her claim in two ways. First, Plaintiff asserts that:

> Had the Defendant not misrepresented to Plaintiff that the amount owing following payment of the $117,997.16 would be $93,055.88 or a similar amount, Plaintiff would not have obtained secondary financing from ALB Solutions, LLC in the amount of $117,997.16, expended $1,700.00 in fixing the property and continued to make monthly mortgage payments, but would have permitted the foreclosure to have proceeded.

(Doc. 5, ¶ 26). Second, Plaintiff states that:

> [She] has been damaged by Defendant's fraudulent conduct to the extent that the amount claimed by Defendant to be owed by her exceeds the amounts which would be owed were the aforesaid representations correct, the said amount being approximately $100,000.00.

(*Id.*, ¶ 41).

Plaintiff's bald contention that merely obtaining secondary financing in reliance upon Tokbi's statements caused her harm satisfies neither Rule 8's general pleading standards nor Rule 9's particularity requirements. Plaintiff has not alleged that the interest rate with ALB Solutions exceeded the rate to which she would have been entitled from Deutsche Bank. Nor has Plaintiff specifically identified the $1,700.00 she expended to obtain the secondary financing as a measure of her damages. Thus, Plaintiff has failed entirely to identify how

8

obtaining secondary financing from ALB Solutions actually caused her harm. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 337 (2005) ("Ordinary pleading rules are not meant to impose a great burden on a plaintiff, but it should not prove burdensome for a plaintiff suffering economic loss to provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind."). Likewise, Plaintiff has failed to allege how foregoing her option to default on the Loan caused her harm. Indeed, Plaintiff openly admits in her brief that "she was not damaged by having her loan reinstated," (Doc. 9, p. 7), and that her loan was reinstated only because she obtained secondary financing from ALB Solutions. Finally, Plaintiff's tautological suggestion that Defendant's conduct was fraudulent and, therefore, *ipso facto* caused her harm is "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion. S*ee Iqbal*, 556 U.S. at 679. Plaintiff has failed entirely to plead that she suffered any actual harm as a result of Defendant's conduct. Accordingly, all three counts in Plaintiff's amended complaint necessarily fail and the amended complaint must be dismissed.

**IV. CONCLUSION**

For the foregoing reasons, we shall grant Defendant's motion to dismiss. A separate order shall issue in accordance with this ruling.